IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
|   Glenn A. Jackamonis | : | |
|   August T. Munkenbeck | : | Chapter 13 |
| | : | Bankruptcy No. 16-17766elf |

| | | |
|---|---|---|
|   Glenn A. Jackamonis | : | |
|   August T. Munkenbeck | : | Adv. Proc. No. |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| Regional Acceptance Corporation | : | |
| | : | |
|     Defendant. | : | |

**Complaint of Debtor Pursuant to 11 U.S.C. § 506(a) and 1322(b) and
Federal Rules of Bankruptcy Procedure 3007, 3012 and 7001(2)
Objecting to Defendant's Proof Of Claim No. 3 and requesting a
<u>Determination of the Value of Security and Creditor's Allowed Secured Claim</u>**

### Introduction

This is an action brought by the Plaintiff/Debtor pursuant to 11 U.S.C. Sections 506(a) and 1322(b) and Rules 3007, 3012 and 7001(2) of the Federal Rules of Bankruptcy Procedure Objecting to the Defendant's Proof of Claim and requesting a determination of the value of Defendant's interest in the 2010 Nissan Rogue owned by Plaintiff/Debtor and to determine the amount of the allowed secured claim of the Defendant.

### Jurisdiction

1. Plaintiff/Debtor alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. Plaintiff/Debtor further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

### Factual Allegations

3. Plaintiff/Debtor filed the underlying Chapter 13 Bankruptcy Case on November 4,

2016.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by the Court upon the filing of the petition. This order served to invoke the provisions of the Section 362(a) of Title 11 of the United States Code.

5. Defendant is, upon information and belief, an entity engaged in the business of automotive financing in the Commonwealth of Pennsylvania and maintains a principal place of business located at 1424 East Fire Tower Road, Greenville, NC 27858.                                    .

6. On or about December 10, 2011, Plaintiff/Debtor entered into a Retail Installment Contract with Defendant for the purchase of a used 2010 Nissan Rogue ("2010 Nissan").  In accordance with the contract, payments began on January 9, 2012.  A true and correct copy of the Installment Contract is attached hereto as Exhibit "A".

7. Plaintiff/Debtor alleges that the value of the 2010 Nissan at the time of the bankruptcy filing was $8,000, based on a median value between the Kelly Blue Book and NADA values for comparable vehicles of the same year, make, model, mileage and condition as the vehicle at issue in this case.  A true and correct copy of the Blue Book and NADA valuation is attached hereto as Exhibit "B".

8. Plaintiff's interest in the 2010 Nissan is subject to a purchase money security interest of Defendant with a current balance of $16, 992.32.  A true and correct copy of Defendant's proof of claim filed on November 18, 2016 is attached hereto as Exhibit "C".

9. Defendant's proof of claim filed in the Chapter 13 case on November 18, 2016 alleges that the full balance of $16,992.32 is secured by the vehicle as it identifies the "Value of Property" on the claim as $16,992.32.  However, Defendant attaches no proof of valuation to its claim.

10. Pursuant to 11 U.S.C. Section 506(a), the Defendant's claim is only secured to the extent of the value of its collateral.

11. Plaintiff/Debtor alleges that the value of the collateral is $8,000 and has proposed a plan to pay the value of the vehicle over the life of the plan with interest at a rate of 6% in accordance with *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951 (2004).  Plaintiff further alleges that the balance of the loan which exceeds the value of the vehicle is an unsecured non-priority claim subject to payment on a pro rata basis in the plan and a discharge pursuant to 11 U.S.C. § 1328.

12. Bifurcation of Defendant's claim is proper under 11 U.S.C. Sections 506(a) and 1322(b) of the Bankruptcy Code.  Defendant's claim does not represent a debt incurred within 910 days preceding the filing date and as such bifurcation is proper.

WHEREFORE, Plaintiff/Debtor respectfully requests that the Court enter an Order as follows:

A.  Disallowing the Defendant's claim as filed and re-classifying the debt as a secured claim in the amount of $8,000 and an unsecured general claim for the balance of $8,992.32;

B.  Modifying the interest rate and payment terms of the secured claim to allow monthly payments over the life of Plaintiff's Chapter 13 plan with interest at a rate of 6% for a total payment on the secured portion of the claim in the amount of $9,279.60;

C.  Awarding reasonable attorney's fees and costs in this matter; and

D.  Directing such other and further relief as the Court may find just and proper.

Respectfully submitted,

WATERMAN & MAYER, LLP


 /s/ Patricia M. Mayer
Patricia M. Mayer, Esquire
301 Oxford Valley Road, Suite 203B
Yardley, PA 19067
(215) 493-4300
Counsel for Plaintiff/Debtor

Dated:   December 20, 2016